UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUPASTAR WARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-605-SRW |
| ) | |
| DEPARTMENT OF CORRECTIONS ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Supastar Ware brings this action under 42 U.S.C. § 1983 for alleged violations of her civil rights. The matter is now before the Court upon two motions filed by Plaintiff: a motion for leave to proceed *in forma pauperis* (ECF No. 2) and a motion for temporary restraining order and preliminary injunction (ECF No. 5). For the reasons discussed below, both motions will be denied.

**Motion to Proceed *In Forma Pauperis* (ECF No. 2)**

Plaintiff's motion to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs, will be denied because it is defective. Plaintiff's motion only contains the first page of the Court's two-page form motion, and it is not signed by Plaintiff. The Court will not consider this unsigned motion. *See* E.D. Mo. Local Rule 2.01(A)(1) ("All filings … shall contain the signature of the self-represented party or the party's attorney."); Fed. R. Civ. P. 11 (Every written motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is promptly corrected after being called to the . . . party's attention.").

Because the motion is not only unsigned but incomplete, the Court will deny it. If Plaintiff wishes for this case to proceed, she must either pay the full filing fee or file a complete and signed motion to proceed without prepayment, within thirty (30) days from the date of this Order. *See* E.D. Mo. Local Rule 2.01(B)(1) ("The Clerk may refuse to receive and file any pleading or document in any case until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis.").

**Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5)**

**I.      Background**

Plaintiff is a transgender woman currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Using the Court's Prisoner Civil Complaint Form, she filed this action under 28 U.S.C. § 1983 against thirteen (13) defendants associated with ERDCC and the Missouri Department of Corrections (MDOC). ECF No. 1 at 1-6. Plaintiff's allegations are difficult to read and decipher. As best the Court can determine, Plaintiff asserts a broad range of unrelated claims which caused various injuries, including a hand injury, unspecified mental and emotional trauma, injury from "fear of police forces," medical malpractice, and failure "to treat transgender as equal and human." *Id.* at 7.

Plaintiff provides a list of 2023 "Claims" which appear to be the alleged source of her injuries. *Id.* at 14-16. Apparently, Plaintiff made a complaint of sexual abuse in April 2023 against defendant correctional officer John Hummel, under the Prison Rape Elimination Act (PREA), that initiated an ERDCC investigation. *Id.* at 14. Plaintiff does not state the results of that investigation, but she alleges that Hummel should not have been around her until the investigation was complete, yet he injured her hand in May 2023. Plaintiff also makes vague claims regarding being "disregarded by medical staff," a grievance officer's "disregard" for prison rules, a "physical attack[] … during placement of unethical assignment," falsification of a

suicide report, false conduct violations, due process violations during an administrative segregation review hearing, and being held in confinement too long. *Id.* at 15-16. Elsewhere in the Complaint, Plaintiff also states that she has been "penetrated, groped, jackulated, [and] beaten by 'ALL WHITE STAFF.'" *Id.* at 13.[1]

In terms of relief, Plaintiff seeks immediate release from confinement; money damages; various "Gift Cards for rest of natural life" because "shopping helps soothe mental and emotional scarring;" nine (9) luxury vehicles "of [her] choosing for therapy reasons;" private, federal security for the rest of her life; access to tobacco products while incarcerated with MDOC; and that the ERDCC facility be immediately closed. *Id.* at 8, 13, & 18-20.

## II.   Arguments in Plaintiff's Motion

Plaintiff requests a temporary restraining order (TRO) and that a hearing for a preliminary injunction be set within fourteen (14) days. ECF No. 5 at 1. Plaintiff states that she will suffer an immediate and irreparable injury unless a TRO is granted, but she does not state what that injury would be. She further warns that "defendant will perform the threatened acts, as more fully set out in the Complaint, unless enjoined" and that these unspecified acts "will result in irreparable injury to plaintiff." *Id.* Plaintiff also alleges that a preliminary injunction will "not injure or inconvenience the defendant" and that she attached an "Exhibit D" explaining why notice to the defendant should not be required, but there does not appear to be such an exhibit attached. *Id.* at 1-2. Plaintiff does not clarify which of the thirteen defendants she is referring to in these assertions.

---

[1] Plaintiff has multiple other pending cases in this Court, and she appears to have raised many of these same allegations in those cases. Plaintiff even states on her Original Filing Form that this is the same cause, or substantially equivalent complaint, that she previously filed in two other cases. ECF Nos. 1-3 & 1-4 (citing case numbers "4:25-cv-00488-SRW" and "4:24-cv-00846-SRW"). The Court warns Plaintiff that she cannot file multiple cases based on the same claims.

The motion further states that since Plaintiff has "filed several suits" in this Court, she has been assaulted by an inmate with HIV, raped, sexually assaulted, and physically assaulted. *Id.* at 3. Plaintiff names no specific defendant as being responsible for these attacks, just that most of them were "by White guards." *Id.* Plaintiff does describe three specific instances in May 2025 where non-defendant correctional officers entered her cell making "threats" while Plaintiff was sleeping or using the restroom. She asserts that the Court must end this "harm" before Plaintiff is "killed." *Id.* at 3-4. Finally, Plaintiff attached a statement signed by a fellow inmate that describes Plaintiff being "targeted" and "singled out" by correctional staff, but it provides no evidence as to any specific action by any named defendant. *Id.* at 5-6.

### III.     Legal Standard

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). These factors are also considered to determine the propriety of a temporary restraining order. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

"In balancing the equities no single factor is determinative." *Dataphase,* 640 F.2d at 113. The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987).

## IV. Discussion

Plaintiff's motion for temporary restraining order and preliminary injunction will be denied for multiple reasons. First, as mentioned above, this case is not properly before the Court for consideration as Plaintiff has neither paid the filing fee nor filed a complete motion to proceed *in forma pauperis*. *See* E.D. Mo. Local Rule 2.01(B)(1).

Second, "[a] court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (internal citation omitted). In this case, the only specific actions alleged in the motion for temporary restraining order—allegations of guards entering Plaintiff's cell while she is sleeping or using the restroom—are made against people who are not named defendants in this case. There is no relationship between the injury claimed in the motion and the conduct asserted in the Complaint. None of the allegations of the Complaint establish an imminent threat to Plaintiff's life, as all the claims alleged involved incidents that occurred in 2023.

Third, after weighing the *Dataphase* factors listed above, the Court finds that Plaintiff has failed to demonstrate at this stage of the proceedings that she is likely to succeed on the merits of her claims and that she will suffer an immediate and irreparable injury if the Court does not grant the requested relief. Plaintiff's statements seeking relief are wholly conclusory and lacking in any factual support. Plaintiff provides no evidence that her life is in imminent danger. Nor is there any evidence that if the Court does not grant the immediate relief Plaintiff requests, that there will be any irreparable injury to Plaintiff.

For these reasons, the motions for a temporary restraining order and preliminary injunction will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's incomplete and unsigned motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a blank 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the full $405 filing fee or submit a completed Application in accordance with the instructions set forth herein, within thirty **(30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that Plaintiff's motion for temporary restraining order and preliminary injunction [ECF No. 5] is **DENIED**.

**Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 14th day of May, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE