## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SUPASTAR WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00605-SRW |
| | ) | |
| DEPARTMENT OF CORRECTIONS | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Supastar Ware brings this action under 42 U.S.C. § 1983 for alleged violations of her civil rights. On May 14, 2025, the Court denied Plaintiff's first motion to proceed *in forma pauperis* and her motion for a temporary restraining order. ECF No. 7. Now before the Court is Plaintiff's second motion for leave to proceed *in forma pauperis*. ECF No. 8. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $14.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review her complaint under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file an amended complaint, on the Court-provided form, in compliance with the instructions set out below.

### Initial Partial Filing Fee Assessment

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced state prisoner. ECF Nos. 1 at 2. Plaintiff's motion to proceed *in forma pauperis* states that she has no income and no money in savings. ECF No. 8. However, her inmate account statement shows average monthly deposits of $70.00 and an average monthly balance of $67.93 (as of the tenth of each month). ECF No. 3. The Court finds that Plaintiff has insufficient funds in her prison account to pay the entire fee and will therefore assess an initial partial filing fee of $14.00, which is twenty percent of Plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(1).

### Plaintiff's Litigation History with the Court

Plaintiff is well known to this Court, having initiated eleven civil actions here since June 2024.[1] Only four of these cases remain open. In addition, the Court recently found that the "three strikes" rule, 28 U.S.C. § 1915(g), applies to Plaintiff's cases filed after August 8, 2025. *See Ware v. Mo. Dep't of Corr.*, No. 4:25-cv-01262-SEP, ECF No. 8 (E.D. Mo.).

---

[1] *See Ware v. Jennings*, No. 4:24-cv-00846-SRW (E.D. Mo. June 18, 2024); *Ware v. Dep't of Corr.*, No. 4:24-cv-00934-ACL (E.D. Mo. July 9, 2024); *Ware v. Centurion Health Care*, No. 4:24-cv-01008-SEP (E.D. Mo. July 23, 2024); *Ware v. Foley*, No. 4:25-cv-00383-JAR (E.D. Mo. Mar. 25, 2025); *Ware v. Precythe*, No. 4:25-cv-00488-SRW (E.D. Mo. Apr. 11, 2025); *Ware v. Galloway*, No. 4:25-cv-00562-JMD (E.D. Mo. Apr. 22, 2025); *Ware v. Dep't of Corr.*, No. 4:25-cv-00605-SRW (E.D. Mo. Apr. 29, 2025); *Ware v. Doe*, No. 4:25-cv-00782-SEP (E.D. Mo. May 28, 2025); *Ware v. Wallace*, No 4:25-cv-01168-SRW (E.D. Mo. July 31, 2025); *Ware v. Boyles*, No. 4:25-cv-01185-SPM (E.D. Mo. Aug. 4, 2025); and *Ware v. Mo. Dep't of Corr.*, No. 4:25-cv-01262-SEP (E.D. Mo. Aug. 22, 2025).

**Plaintiff's Filings in this Case**

## I.    The Complaint

Plaintiff is a transgender woman currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. She initiated this action in April 2025, seeking relief under 28 U.S.C. § 1983 against thirteen (13) defendants associated with ERDCC and the Missouri Department of Corrections (MDOC). ECF No. 1 at 1-6. Plaintiff's allegations are difficult to read and decipher. As best the Court can determine, Plaintiff asserts a broad range of unrelated claims which caused various injuries, including a hand injury, unspecified mental and emotional trauma, injury from "fear of police forces," medical malpractice, and failure to treat transgender as equal and human." *Id.* at 7.

Plaintiff provides a list of 2023 "Claims" which appear to be the alleged source of her injuries. *Id.* at 14-16. Apparently, Plaintiff made a complaint of sexual abuse in April 2023 against defendant correctional officer John Hummel, under the Prison Rape Elimination Act (PREA), that initiated an ERDCC investigation. *Id.* at 14. Plaintiff does not state the results of that investigation, but she alleges that Hummel should not have been around her until the investigation was complete, yet he injured her hand in May 2023. Plaintiff also makes vague claims regarding being "disregarded by medical staff," a grievance officer's "disregard" for prison rules, a "physical attack[] … during placement of unethical assignment," falsification of a suicide report, false conduct violations, due process violations during an administrative segregation review hearing, and being held in confinement too long. *Id.* at 15-16. Elsewhere in the complaint, Plaintiff also states that she has been "penetrated, groped, jackulated, [and] beaten by 'ALL WHITE STAFF.'" *Id.* at 13.

In terms of relief, Plaintiff seeks immediate release from confinement; money damages; various "Gift Cards for rest of natural life" because "shopping helps soothe mental and emotional

- 3 -

scarring;" nine (9) luxury vehicles "of [her] choosing for therapy reasons;" private, federal security for the rest of her life; access to tobacco products while incarnated with MDOC; and that the ERDCC facility be immediately closed. *Id.* at 8, 13, & 18-20.

## II.    Plaintiff's Additional Filings

Since the denial of Plaintiff's motion for temporary restraining order on May 14, 2025, Plaintiff has made seven submissions to the Court. ECF Nos. 9-15. One appears to be a proposed summons for issuance (ECF No. 15); however, the others are all addressed as letters to the Court, a Judge, or a Clerk. ECF Nos. 9-14. To the extent that these letters are seeking any relief from the Court—including reconsideration of the denial of the motion for temporary restraining order—they are denied. The Court's Local Rules do not permit parties to communicate with the Court by informal letters. Parties may only address the Court through motions and memoranda, unless otherwise directed by the Court. *See* E.D. Mo. Local Rule 4.04(A). Furthermore, Plaintiff may not seek amendment of the complaint through letters to the Court. To clarify the pleadings, Plaintiff must file an amended complaint that includes all changes she wants to make to her claims and the defendants.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be

considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Discussion

Upon review of Plaintiff's pleadings under 28 U.S.C. § 1915(e)(2), the Court finds multiple legal deficiencies and a failure to comply with the Federal Rules of Civil Procedure. Even self-represented litigants are obligated to abide by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Cody v. Loen*, 468 Fed. App'x. 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief"). Nevertheless, because Plaintiff is self-represented and she has presented serious allegations to the Court, she will be given an opportunity to amend her pleadings in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se*

plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint).

Plaintiff should consider the following legal issues in filing her amended complaint.

## I.    No Joinder of Unrelated Claims

Plaintiff's complaint is deficient because unrelated claims against different defendants cannot be brought in one action. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Joinder requires that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id*. As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff asserts a broad range of unrelated claims including excessive force, deliberately indifferent medical care, improper handling of institutional grievances, falsified suicide reports, sexual abuse, false conduct violations, confinement in segregation too long, and failure to protect. ECF No. 1 at 14-17. Plaintiff cannot bring all these unrelated claims against different defendants in the same lawsuit. These claims did not arise out of the same transaction or occurrence. They need to be brought in separate lawsuits. Plaintiff's amended complaint should only bring related claims, arising out of the same transaction or occurrence. Plaintiff must

decide what claim or related claims she wishes to pursue in this lawsuit and seek relief on other unrelated claims in different suits. Failure to comply with this Federal Rule will result in the dismissal of this case. To be clear, Federal Rule of Civil Procedure 20 does not allow unrelated claims against different defendants to be brought in one action.

## II.    Short and Plain Statement of Claim

In addition, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Nowhere in the complaint does Plaintiff set forth a short and plain statement of what she claims entitles her to relief as required by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief").

Rather than provide a short and plain statement, Plaintiff's filings are repetitive and filled with irrelevant and extraneous information. Plaintiff's failure to comply with Federal Rule 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983); *White v. United States*, 588 F.2d 650, 651 (8th Cir. 1978) (affirming dismissal under Fed. R. Civ. P. 8(a) for a complaint described as unintelligible and a "wholly incomprehensible compilation of unrelated phrases, diatribes, and ramblings").

After Plaintiff decides which claim or related claims she wishes to pursue in this suit (based on Federal Rule 20(a)(2)), Plaintiff's amended complaint should set out the claim(s) in a simple, concise, and direct manner, and the facts supporting the claim(s) as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate

their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).

### III.    Personal Liability of all Named Defendants

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted).

In this case, Plaintiff names thirteen different defendants in her complaint, but she fails to allege facts that show how each defendant is causally linked to, and directly responsible for, violating her rights. According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Missouri Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009). Plaintiff's amended complaint must allege specific conduct as to each named defendant in order to survive review. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

In addition, Plaintiff cannot hold a defendant liable simply because she or he holds a supervisory or administrative position. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). For example, "a

warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement."

Reynolds v. Dormire, 636 F.3d 976, 981 (8th Cir. 2011) (quoting Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)).

## IV.    No Duplicative Claims

An action is malicious if it is filed with the intent to harass or is part of a broader pattern of abusive and repetitive litigation. Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003); In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). The Eighth Circuit Court of Appeals has held that district courts may dismiss a duplicative complaint under § 1915 when it raises issues that are directly related to those in another pending action brought by the same party. Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (per curiam).

Many of the allegations raised in this case were brought by Plaintiff in other cases filed with this Court. At least five of her other cases involved similar allegations and overlapping themes. See Ware v. Jennings, No. 4:24-cv-00846-SRW (involving at least six common defendants and allegations of sexual harassment and unconstitutional conditions of confinement); Ware v. Foley, No. 4:25-cv-00383-JAR (involving at least five common defendants and allegations of sexual harassment and unconstitutional conditions of confinement); Ware v. Precythe, No. 4:25-cv-00488-SRW (involving at least seven common defendants and allegations of sexual harassment and unconstitutional conditions of confinement); Ware v. Galloway, No. 4:25-cv-00562-JMD (at least five common defendants and allegations of sexual harassment, unconstitutional conditions of confinement, and deliberate indifference to serious medical needs); Ware v. Dep't of Corr., No. 4:25-cv-00605-SRW (at least four common defendants and allegations of unconstitutional conditions of confinement). Plaintiff even states on the Original Filing Form that she filed in this case, that this is the same cause, or substantially equivalent

- 9 -

complaint, that she previously filed in two other cases. ECF Nos. 1-3 & 1-4 (citing case numbers "4:25-cv-00488-SRW" and "4:24-cv-00846-SRW").

The Court warns Plaintiff that her amended complaint should not contain any claims that she has already pursued through other litigation in this Court. Section 1915(e) is intended to discourage abusive ligation by *in forma pauperis* litigants by limiting frivolous, malicious, or repetitive lawsuits. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

### Amendment Instructions

Based on the guidance provided above, Plaintiff should file an amended complaint in this matter. Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint, the amended complaint, and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original or amended complaints, or any supplements, that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must type or neatly print the amended complaint on the Court-provided Prisoner Civil Rights Complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent she knows it, of the defendant or defendants she wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be

clearly listed. Plaintiff should also indicate whether she intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to her claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific facts supporting her claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If Plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant and the constitutional rights violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, she is required to allege facts demonstrating the personal responsibility of the defendant for harming her. *Madewell*, 909 F.2d at 1208. It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

**Conclusion**

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis*, assesses an initial partial filing fee of $14.00, and directs Plaintiff to file an amended complaint. Plaintiff is warned that if she fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice. The Court is aware that many of Plaintiff's cases have been dismissed for failure to comply with Court Orders. *See Ware v. Jennings*, No. 4:24-cv-00846-SRW, ECF Nos. 31-32 (dismissed Jan. 24, 2025); *Ware v. Precythe*, No. 4:25-cv-00488-SRW, ECF Nos. 15-16 (dismissed Aug. 22, 2025); and *Ware v. Doe*, No. 4:25-cv-00782-SEP, ECF Nos. 21-22 (dismissed Sept. 12, 2025). The same result will occur here if Plaintiff fails to abide by Federal Rule of Civil Procedure 20, which requires that unrelated claims against different defendants be brought in separate actions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 8] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $14.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 18th day of September, 2025.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE